O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| OSCAR GUADALUPE TAMAYO | ) | Case No. CV 09-2015 CAS |
| | ) | |
| Petitioner, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR IMMEDIATE** |
| vs. | ) | **DEPORTATION/REMOVAL** |
| | ) | |
| ERIC HOLDER | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

I.     **INTRODUCTION**

On May 31, 2006, a five-count superseding indictment was filed charging petitioner Oscar Guadalupe Tamayo with conspiracy to possess cocaine and methamphetamine with intent to distribute, and possession of cocaine and methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).  On March 19, 2007, petitioner pled guilty to one count of conspiracy as charged in the indictment.  On August 20, 2007, the Court sentenced petitioner to 168 months of imprisonment.

On March 23, 2009, petitioner filed the instant motion seeking immediate removal or deportation to Mexico pursuant to 8 U.S.C. § 1231(a)(4)(B).  On July 22, 2009,

respondent filed his opposition.  The Court has not received a reply from petitioner.
After carefully considering the parties' arguments, the Court finds and concludes as
follows.

## II.    DISCUSSION

Petitioner argues that, as an alien and citizen of Mexico who has been convicted of
a nonviolent offense, he is eligible for immediate deportation pursuant to 8 U.S.C. §§
1229(d)(1) & 1231(a)(4)(B).  Mot. at 1.  Petitioner contends that the "INS" and the
Attorney General are required to deport him as expeditiously as possible.  Id. at 1-2.
Petitioner further contends that deportation "promotes judicial economy as it is far less
expensive to deport the alien, than to keep him incarcerated for a period of 111 more
months."  Id. at 2.

Respondent argues that the Bureau of Immigration and Customs Enforcement has
not lodged a detainer against petitioner and that the Court lacks authority to initiate a
deportation order.  Opp'n at 1-2 (citing United States v. Tinoso, 327 F.3d 864, 866 (9th
Cir. 2003)).  Respondent further argues that even if petitioner is subject to removal, the
Attorney General has sole discretion to remove an alien prior to the completion of his
prison sentence.  Id. at 2 (citing 8 U.S.C. § 1231(a)(4)(B); United States v. Marin-
Castaneda, 134 F.3d 551, 556 (3d Cir. 1998)).  Additionally, respondent argues that an
alien has no private right of action to compel the Attorney General to remove him from
the United States prior to the completion of his sentence.  Id. at 3 (citing 8 U.S.C. §
1231(a)(4)(D); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997)).

The Court concludes that petitioner's motion should be denied.  It appears that
the Bureau of Immigration and Customs Enforcement has not lodged a detainer against
petitioner and the Court does not have the authority to initiate a deportation order.
Tinoso, 327 F.3d at 866 ("The initial determination of whether an alien is subject to
deportation resides in the Executive Branch.").  Furthermore, an alien is not to be
deported prior to the completion of his sentence unless the Attorney General decides
otherwise.  8 U.S.C. § 1231(a)(4)(B) ("Except as provided in section 259(a) of Title 42

and paragraph (2), the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment"); Marin-Castaneda, 134 F.3d at 556 ("a district court cannot sua sponte issue a deportation order without a request from the United States Attorney").  Lastly, there is no "private right of action that would allow a convicted aline . . . to compel the Attorney General to deport him." Aispuro, 127 F.3d at 1134; 8 U.S.C. § 1231(a)(4)(D) ("No private right [–] No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.").

III.    **CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES petitioner's motion.


IT IS SO ORDERED


Dated: August 11, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE